## MATTER OF TALANOA

### In Deportation Proceedings

### A-13550300

#### Decided by Board May 17, 1966

Since respondent, a self-employed landscape gardener, comes within the pro-
scription of section 212(a)(14), Immigration and Nationality Act, as
amended by P.L. 89-236, he is ineligible to receive a nonpreference immigrant
visa in the absence of the required certification issued by the Secretary of
Labor and, therefore, is ineligible for adjustment of status pursuant to sec-
tion 245 of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmi-
grant—Failed to comply with conditions of changed
nonimmigrant status.

The case comes forward on appeal from the order of the special
inquiry officer dated January 13, 1966 denying respondent's appli-
cation for status as a permanent resident under section 245 of the
Immigration and Nationality Act, granting the privilege of vol-
untary departure in lieu of deportation, with the further order
that if the respondent failed to depart when and as required, he be
deported to Tonga on the charge contained in the order to show
cause.

The record relates to a native and citizen of Tonga, 39 years old,
male, married, who last entered the United States at the port of
Honolulu, Hawaii on or about January 15, 1963 and was admitted
as a student. His status was subsequently changed to that of an
industrial trainee and he was authorized to remain in the United
States in that status until March 16, 1964. He was employed in
the United States, without permission, from July 11, 1963 to No-
vember 20, 1963 as a laborer. Deportability is conceded.

The respondent has applied for adjustment of status to that of
an alien lawfully admitted for permanent residence under section
245 of the Immigration and Nationality Act. In his original order

dated February 24, 1964, the special inquiry officer determined that the respondent was chargeable to the Asia-Pacific quota, that reference to the visa office bulletin of the State Department showed that a quota number was not immediately available to the respondent. Inasmuch as the respondent had not established that an immigrant visa was immediately available to him as required by the provisions of section 245(a)(3) of the Immigration and Nationality Act, the adjustment of status pursuant to section 245 was denied and the respondent was granted the privilege of voluntary departure in lieu of deportation. This Board dismissed the appeal from the order of the special inquiry officer on January 29, 1965. Upon a showing that Visa Office Bulletin No. 140 dated March 9, 1965 indicated that immigrant visas were available under the nonpreference portion of the quota for Tonga, an independent country, a motion to remand the case for further proceedings was granted.

On June 22, 1965, reopened hearing was held at Honolulu before a second special inquiry officer. This hearing produced evidence going to the merits of the respondent's application. On August 6, 1965 the respondent left Hawaii for California where he now resides. After hearing in San Francisco, California, the special inquiry officer on January 13, 1965 denied the application for adjustment of status under section 245 of the Immigration and Nationality Act for the reason that he was excludable under section 212(a)(14) of the Act, as amended, unless he obtained a certificate from the Secretary of Labor; not having one, the respondent was considered ineligible to receive a nonpreference immigration visa and his application for status as a permanent resident under section 245 was denied.

Counsel's contention at the last hearing and in connection with the appeal is that a certification from the Secretary of Labor under section 212(a)(14) of the Immigration and Nationality Act, as amended, is not required inasmuch as the respondent, whose occupation is that of a landscape gardener, is an independent contractor who procures his own customers and who has some investment in his business. The testimony of the respondent is that he has never had any special schooling in his work as a gardner either here or in Tonga; that he has bought a truck for $276 plus a rake, clippers, a flower cutter and so forth, amounting to about $80 or $90: that he obtains customers by ringing doorbells or by leaving his card or by referrals; and that he has not placed any advertisements in newspapers. He agrees on a price for his services with each person who hires him. The people for whom he does work do not instruct him what to do but leave it to his own judgment.

He mows lawns, trims hedges, prunes trees and bushes, waters plants, removes dead leaves, and plants shrubs and flowers, which he purchases and sells to his customers at a profit. Occasionally he pours cement for walks or walls according to the plans of a landscape architect. He has obtained a license from San Mateo County permitting him to do business under the classification of "landscape contractor."

Section 212(a)(14) of the Immigration and Nationality Act, as amended by the Act of October 3, 1965 provides:

Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\* \* \* \* \* \* \*

(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply to special immigrants defined in section 101(a)(27)(A) (other than the parents, spouses, or children of United States citizens or of aliens lawfully admitted to the United States for permanent residence), to preference immigrant aliens described in section 203(a)(3) and (6), and to nonpreference immigrant aliens described in section 203(a)(8).

The service, standing on its position that a certificate from the Secretary of Labor is required, has declined to request a quota number from the Department of State for the respondent. The issue is whether the respondent is admissible to the United States as a nonpreference quota immigrant absent a certification from the Secretary of Labor as required by section 212(a)(14) of the Act, as amended.

Section 212(a)(14), as amended, presents a substantial departure from existing law. Under the prior section 212(a)(14) of the Immigration and Nationality Act, foreign labor was subject to exclusion only when the Secretary of Labor invoked the certifying provisions of the section; this certification had the effect of excluding any intending immigrant, within the scope of this certification, who would likely displace a qualified American worker, or whose employment in the United States would adversely affect the wages and working conditions of workers similarly employed in the United States. Under the new section 212(a)(14), as amended by the Act of October 3, 1965, the procedure was substantially

changed. The primary responsibility is placed upon the intending immigrant to obtain the Secretary of Labor's clearance prior to the issuance of a visa establishing (1) that there are not sufficient workers in the United States at the alien's destination who are able, willing, and qualified to perform the skilled or unskilled labor and (2) that the employment of the alien will not adversely affect wages and working conditions of United States citizens, similarly employed. This provision is applicable to special immigrants from the Western Hemisphere, nonpreference immigrants and those preference immigrants who seek entrance into the United States for the primary purpose of gainful employment, whether in a semiskilled or skilled category or as a member of the professions, arts or sciences. The certification must be obtained in individual cases before a visa may be issued to the intending immigrant.[1]

The statute makes no distinction between aliens who will be self-employed and aliens who will be employed by others. The test is whether the alien is seeking to enter the United States to work. It would be an obvious evasion of the intent of the new Act if the alien entered as a self-employed gardener, or as a self-employed carpenter or painter. If the alien's primary purpose in seeking admission is to perform skilled or unskilled labor, he is within the provisions of section 212(a) (14), unless he is in one of the exempt relative classes, irrespective of the entity under which he performs such labor. Cases may arise where it may be concluded that the enterprise because of its nature, does not fall within section 212(a) (14). Such cases will be dealt with as they arise.

The initial authority to determine whether the alien falls within the proscription of section 212(a) (14) of the Immigration and Nationality Act, as amended, lies in the first instance with the special inquiry officer and, upon appeal, with this Board. An analogy may be drawn to those cases considered under section 101(a) (15) (H) (i) of the Immigration and Nationality Act involving petitions to accord persons such classification, where the determination in the first instance must be made by the District Director as to whether the person is one of distinguished merit and ability, or whether a clearance order is required under section 101(a) (15) (H) (ii) of the Act.[2]

---

[1] U.S.C. Cong. & Adm. News, 89th Cong., 1st Sess., 1965, p. 3334; H.R. No. 745, 89th Cong., 1st Sess., p. 14; S. Rep. No. 748, 89th Cong., 1st Sess., p. 15; Cong. Rec., 89th Cong., Vol. III, Nos. 156, 157, 172, 173, and 174; H.R. Committee on the Judicial, 89th Cong., 1st Sess., *Summary of Public Law 89-236, Amendments to the Immigration and Nationality Act*, p. 4 (Comm. Print 1965).

[2] *Matter of Shaw*, Int. Dec. No. 1496; *Matter of Peak Productions, Inc.*, Int. Dec. No. 1544.

In the instant case, however, we are satisfied that the respondent's case may not be considered a true independent contractor. The investment in his business is minimal and his income is derived mainly from the labor he performs as a gardner. He is more nearly akin to a day laborer than to an independent entrepreneur. We concur with the finding of the special inquiry officer that the respondent falls within the proscription of section 212(a)(14) of the Immigration and Nationality Act, as amended, by the Act of October 3, 1965 and that he is required to possess a certificate from the Secretary of Labor. Not being in possession of such a certificate, he is ineligible to receive a nonpreference immigrant visa and his application for status as a permanent resident under section 245 of the Immigration and Nationality Act, as amended, must be denied. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.